**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**LORIAN M. CRAWFORD**,

*Plaintiff*,

v. Case No. 2:25-cv-02460-BCL-cgc

**CHILD WELFARE INNOVATION, INC.**
***doing business as*** **Foster America**

*Defendant*.

---

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

---

Before the Court is Defendant's Motion to Compel Arbitration, filed July 10, 2026. Doc. 18. For the reasons that follow, this motion is **GRANTED**.

## BACKGROUND

Plaintiff filed this lawsuit on April 28, 2025.[1] Doc. 1. No one disputes that the claims are covered by an arbitration agreement dated April 2023. Doc. 18-1 at 1. The issue addressed here arises from the fact that Defendant waited until July 10, 2026, to move to compel arbitration. Doc. 18.

During the roughly fifteen months between the filing of the lawsuit and the filing of the motion to compel, litigation proceeded very slowly. Defendant moved for an extension of time in which to file an answer (Doc. 8), and then filed the answer (Doc. 10). Later, in October 2025, Defendant participated in a scheduling conference and submitted a proposed order in connection with the conference. Doc. 12. Defendant also participated in the selection of a mediator. Doc. 16,

---

[1] The matter was originally assigned to Judge Mark Norris. Doc. 2. Judge Norris transferred it to the undersigned on March 25, 2026. Doc. 17.

None of these filings made any mention of arbitration. And while Defendant was seeking to initiate settlement discussions for some of this time, Defendant apparently did not mention arbitration to Plaintiff until February 5, 2026. Doc. 21 at 1. As mentioned, Defendant moved to compel arbitration on July 20, 2026.

The question here is whether Defendant, by its actions, has waived its right to arbitrate this dispute.

## **LEGAL STANDARD**

The Federal Arbitration Act ("FAA") instructs courts to order parties to arbitrate after "being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. A party may waive its right to compel arbitration, but waiver of the right to arbitration is not to be lightly inferred." *Glazer v. Lehman Bros., Inc.,* 394 F.3d 444, 450 (6th Cir. 2005). Waiver does not require a showing of prejudice to the opposing party; rather, the question is whether the movant—the party seeking arbitration—"knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022).

## **DISCUSSION**

Defendant has not waived the right to arbitrate. The mere passage of time since filing does not amount to waiver, because the waiver doctrine focuses on the actions of the defendant and their consistency or not with the right to arbitrate. Neither rule nor statute establishes a deadline for invoking the right to arbitrate, and a case might be pending for some time—perhaps because of a stay, or a failure of the courts and the parties to move the case forward, for example—before a defendant even has an opportunity to take actions inconsistent with the right to arbitrate.

To determine waiver, then, we look to the actions Defendant took during the fifteen months between the filing of the case and its invocation of the right to arbitrate. As Plaintiff notes, Defendant did file an answer omitting any reference to arbitration. That is one factor that can contribute to a finding of waiver based on the totality of the circumstances. *See Johnson Assoc. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012). But there is no requirement that a defendant mention arbitration in its answer, *id.*, and the mere fact that a defendant filed an answer within the deadline for doing so is not alone sufficient to support a finding of waiver. *See Shy v. Navistar Intern Corp.*, 781 F.3d 820, 829-30 (6th Cir. 2015) (explaining that the defendant in *Johnson Associates* "engaged in litigation, including discovery, after not raising arbitration in its answer and before invoking it"); *Healthcare Mgmt Sys., Inc. v. Syntel*, 2013 WL 3834043, at *3 (M.D. Tenn. 2013) (discussing cases concluding more extensive and voluntary activity, like removal, did not establish waiver).

Beyond that, very little activity has occurred in this case, and none that supports a finding of waiver. Defendant moved to enlarge the deadline for filing its answer, but if filing an answer as required by a deadline does not on its own support a waiver finding, it would make no sense to conclude that seeking to enlarge that deadline adds anything to the waiver side of the ledger. And that one motion is the only active measure Defendant has taken in this litigation (before the Motion addressed here). Defendant attended a court-required scheduling conference and participated in selecting a mediator as required by the scheduling order, but it has not filed any substantive motion and has neither taken nor propounded discovery. *See Schwebke v. United Wholesale Mortage LLC*, 96 F.4th 971, 975 (6th Cir. 2024) (noting that responsive conduct "is less inconsistent with reliance on arbitration than affirmative conduct"). Defendant's actions simply do not reflect knowing relinquishment of its right to arbitrate; nor are they inconsistent with that right. The truth of it is

that, even though this case had been pending for fifteen months before the Motion to Compel, it remains in its infancy. On the totality of the circumstances, there is no basis for finding that Defendant waived the right to arbitrate. *See Rodriguez v. Cracker Barrel Old Country Store, Inc.*, 2017 WL 6349173, at *8 (W.D. Ky. 2017) (rejecting waiver where there had been "scant motion practice" and "minimal discovery").

## CONCLUSION

For these reasons, Defendant's Motion to Compel Arbitration (Doc. 18) is **GRANTED**.[2] This case is **STAYED** pending the outcome of arbitration. *See Smith v. Spizzirri,* 601 U.S. 472, 478 (2024).The Clerk **SHALL** administratively close the case. The Parties **SHALL** notify the Court immediately upon the conclusion of arbitration.

**IT IS SO ORDERED**, this 27th day of August, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

[2] Defendant also seeks sanctions based on Plaintiff's purported insufficient responsiveness to emails, which Defendant views as indicative of bad faith. That is a slender reed for sanctions, and there is plenty of blame to go around in this case where both Parties could have done more to clarify the arbitration issue. In the exercise of its discretion, the Court therefore **DENIES** the request for sanctions.